IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE: )
)
EVERGREEN PALLET, LLC, ) Case No. 19-21983-RDB-11
)
Debtor. )

<u>DEBTOR'S DISCLOSURE STATEMENT</u>

I. INTRODUCTION

This Disclosure Statement ("Disclosure Statement") is provided to the creditors of Evergreen Pallet, LLC. to enable the creditors to arrive at an informed judgment in exercising their rights under the Debtor's Plan of Reorganization (the "Plan"). The definitions of Article I of the Plan shall have the same meaning when used in this Disclosure Statement.

The function of this Disclosure Statement is to provide "adequate information" to all creditors. "Adequate information" is defined in 11 U.S.C. Section 1125 as follows:

**Section 1125. Postpetition disclosure and solicitation.**

"(a) In this section --

(1) 'adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtors; and the condition of the debtors= books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan...; and

(2) 'investor typical of holders of claims or interests of the relevant class' means investor having --

(A) a claim or interest of the relevant class;

(B) such relationship with the debtors as the holders of other claims or interests of such class general have; and

(C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have."

THE REPRESENTATIONS MADE IN THIS DISCLOSURE STATEMENT ARE THE ONLY REPRESENTATIONS AUTHORIZED BY THE DEBTOR RESPECTING ITS BUSINESS OPERATIONS, THE VALUE OF ITS PROPERTY OR ANY OTHER MATTERS WHATSOEVER. CREDITORS SHOULD NOT RELY ON ANY UNAUTHORIZED REPRESENTATIONS WHICH ARE MADE TO SECURE THEIR ACCEPTANCE OR REJECTION OF THE PLAN. THE COURT WILL CONDUCT A HEARING ON WHETHER OR NOT THIS DISCLOSURE STATEMENT SHOULD BE

APPROVED AS CONTAINING ADEQUATE INFORMATION TO ENABLE ALL CREDITORS TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN.

The information provided in this Disclosure Statement is true and accurate to the best of the Debtor's knowledge, information and belief. However, certain information relating to projections and values is necessarily subjective.

CREDITORS ARE ENCOURAGED TO CONSULT WITH THEIR FINANCIAL ADVISORS, ATTORNEYS, AND OTHER CREDITORS IN ORDER TO OBTAIN A MORE COMPLETE UNDERSTANDING OF THE FINANCIAL AND LEGAL IMPLICATIONS OF THE DISCLOSURE STATEMENT AND THE PLAN. CREDITORS AND PARTIES IN INTEREST SHOULD CONSULT THEIR OWN COUNSEL AND TAX ADVISORS REGARDING THE INCOME TAX CONSEQUENCES OF CONFIRMATION OF THE PLAN AS IT RELATES TO THEM. THE DEBTOR MAKES NO REPRESENTATION REGARDING THE EFFECT OF CONFIRMATION OF THE PLAN ON HOLDERS OF CLAIMS AND INTERESTS.

Creditors may contact counsel for the Debtor for additional information. The counsel for the Debtor can provide tax returns from 2017-2018, Monthly Operating Reports that have been filed, and for any further reports filed prior to the Confirmation Hearing.

The Court may set a separate hearing on the sufficiency of the Disclosure Statement. At either that hearing or at the confirmation hearing, the Court will determine whether the Disclosure Statement provides adequate information and determine whether the Plan has been accepted by the requisite number of classes of creditors and will rule on whether the Plan complies with the confirmation requirements of 11 U.S.C. Section 1129.

The Plan will have several Classes of Claims and each creditor should examine those Classes to determine where its Claim has been placed. A Class of Claims will have accepted a Plan if the Plan has been accepted by creditors [other than any entity designated under 11 U.S.C. Section 1126(e)] which hold at least two-thirds in amount and one-half in number of the Allowed Claims of such Class held by creditors [other than any entity designated under 11 U.S.C. Section 1126(e)] that have voted to accept or reject the Plan.

If the Plan is accepted by the impaired Classes it will likely be confirmed. If the Plan is not accepted by the impaired Classes, the Plan may nonetheless be confirmed under Section 1129(b) of the Bankruptcy Code if it is accepted by at least one Class of Claims or interests which is impaired by the Plan and the Bankruptcy Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to each Class of Claims or interests that is impaired by, and has not accepted, the Plan. The Debtor reserves the right to request that the Court confirm the Plan under Section 1129(b) of the Bankruptcy Code if the Plan is not accepted by all impaired Classes and, if necessary, to revise and amend the Plan so as to provide such treatment as the Court may determine to be necessary or sufficient to assure that the Plan does not discriminate unfairly, and is fair and equitable, with respect to any Class of Claims or interests rejecting or failing to accept the Plan.

## II. ORGANIZATION AND HISTORY OF THE DEBTOR

Evergreen Pallet, LLC, Evergreen Recycle, LLC, and Magill Trucking, LLC are located in Wichita, Kansas near 53rd and Broadway Streets. There are 66 employees combined for the three companies. These three companies operate basically at the same location. Evergreen Pallet, LLC began operations in September 2000. Evergreen Recycle, LLC in January 2008 and Magill Trucking, LLC was purchased in June 2011. Jeffrey Ralls is 100% owner of all three companies. Evergreen Pallet, LLC is a pallet production and restoration facility. Evergreen Recycle, LLC accepts wood and organic waste from

Evergreen Pallet, LLC and produces feedstock, compost and mulch. Magill Trucking, LLC is a trucking company and primarily delivers for and on behalf of Evergreen Pallet, LLC and Evergreen Recycle, LLC.

Revenue sources for the three companies are as follows:
- Tipping Fee for wood waste and organic waste
- Sales of feedstocks for boiler fuel
- Compost
- Pallets
- Lumber
- Mulch
- Trucking
- Offsite Grinding
- Offsite compost screening
- Sales of reclaimed metal-nails, banding, saw blades
- Sale baled cardboard
- Sale Gaylord boxes
- Firewood

The Debtor found itself in financial trouble due to large debt service required by its secured lender. The Debtor was unable to pay its debts as they came due and sought relief from the Bankruptcy Court in order to reorganize its finances.

The Chapter 11 was filed to stop lenders from seizing available funds which was preventing the Debtor from making payroll and paying payroll taxes. It is the Debtor's expectation that the Debtor will continue to operate.

HISTORICAL DATA

The following chart provides net operating income figures before debt service for 2015, 2016, 2017, 2018, and 2019 for Evergreen Pallet LLC, Evergreen Recycle, LLC and Magill Truck Line LLC consolidated. A detail of the profit and loss for these entities is attached as **EXHIBIT 1**:

| Year | Sales | Expenses | Net Operating Income |
|---|---|---|---|
| 2015 | $6,235,224 | $5,378,087 | $857,137 |
| 2016 | $6,158,585 | $5,926,670 | $231,915 |
| 2017 | $5,971,861 | $5,905,554 | $66,307 |
| 2018 | $6,350,976 | $6,026,453 | $324,523 |
| 2019 | $7,114,948 | $6,934,243 | $180,705 |

III. THE CONFIRMATION PROCESS

Approval of the Plan requires that it be confirmed by the Court. Confirmation can be achieved in one of two ways - either (i) all classes of Claims or Interests entitled to vote have accepted the Plan by the requisite majorities, or (ii) the Court determines that the Plan is fair and equitable with respect to those Classes that have rejected the Plan, and that confirmation will be in the best interests of creditors.

3

Case 19-21983    Doc# 86    Filed 02/18/20    Page 3 of 8

A. <u>Classification of Claims and Eligibility to Vote.</u>  For voting purposes, all Claims and Interests will be grouped into Classes where members of each such Class will hold substantially similar Claims or Interests.  All persons with an impaired Claim are eligible to vote provided that they are determined to have an Allowed Claim or Interest.  A Class is "impaired" if, under the Plan, its legal, equitable or contractual rights are in any way modified other than by curing defaults or payment in full on the Effective Date.  Claims that are not impaired are presumed to have accepted the Plan and may not vote.

B. <u>Confirmation by Acceptance.</u>  A Plan will be confirmed if it is accepted by all Classes entitled to vote.  A Class will have accepted the Plan if votes representing at least two thirds of amount and one half in number of the Allowed Claims voting in that Class have voted to accept the Plan.  If any creditor in an otherwise accepting Class have voted against the Plan, the Court must determine that each holder of a Claim or Interest in that Class will receive property, as of the Effective Date, having a value that is not less than what such holder would receive if the Debtor was liquidated under Chapter 7 on that date.

C. <u>Confirmation Without Acceptance by All Classes</u>.  If the Plan is not accepted by all impaired Classes, the Court may nonetheless confirm the Plan if (i) at least one impaired Class has accepted the Plan, without counting votes by insiders, and (ii) the Court finds that the Plan does not discriminate unfairly, and is fair and equitable with respect to each impaired Class that has rejected the Plan.

D. <u>Balloting</u>.  This Disclosure Statement will be mailed to all creditors and equity holders along with the Plan, a ballot and an order containing instructions, setting certain deadlines, and setting a hearing on confirmation.  Only those ballots timely filed will be counted.

E. <u>Confirmation</u>.  At the hearing on confirmation the Court will determine whether the requisite number of votes have been received for confirmation under the acceptance method or, if the Plan is not accepted by all Classes, then whether the Plan should be confirmed under the non-acceptance method.  The Debtor reserves the right to seek confirmation under the non-acceptance method if less than all Classes vote to accept the Plan.  The effect of confirmation generally is to discharge the debtor from any and all liabilities that arose prior to confirmation, except as provided in the Plan.

## IV. DISCLOSURES OF COMPENSATION

A. Krigel & Krigel, P.C., the attorneys for the Debtor, were paid an initial retainer of $15,000.  The attorneys have billed through December 31, 2019 a total of $24,796.25 in fees and $2,073.40 in expenses for a total of $26,869.65.  The firm will file a Motion to approve its interim attorneys' fees and expenses shortly after filing this Disclosure Statement.

B. The Debtor is current with U.S. Trustee Quarterly Fees.

C. The sole Member who is employed by the Debtor is identified in the pleadings filed with the Court.  The salary that has been paid to this individual is as follows:
Jeffrey Ralls…………………..$15,000 per month

4

V. THE CHAPTER 11 PLAN

      A.      Classification of Claims. The claims of creditors are classified as follows:

      5.1      The Class One Claim of Newtek Small Business Finance ("Newtek") shall be paid as follows: The value of the collateral pledged to Newtek is $2,428,379. The Debtor will pay Newtek as a secured claim, with a fixed interest of 6% per annum, the principal amount of $2,428,379, payable as follows: Debtor shall pay Newtek equal monthly payments of interest only, commencing on the thirtieth (30th) day following confirmation of the Plan, and continuing for six (6) months. In month seven (7) following confirmation of the Plan, the Debtor will pay Newtek amortized payments of principal and interest, amortized over 19.5 years and all due and payable seven (7) years from the date of the first installment of principal and interest as set out herein. The interest only payments will be $12,142 per month, and the principal and interest payments will be $17,629. The balance of Newtek's claim ($2,136,177) shall be treated as an unsecured claim in Class Ten. Class One is impaired.

      5.2.      The Class Two Claims of CDS Business Services, Inc. ("CDS") shall be paid as follows:

Accounts Receivable Loan: The Debtor will pay CDS the full balance owed on the accounts receivable loan and continue with the accounts receivable factoring program as per the previous contract entered into between the parties. CDS has the first and senior lien against the accounts receivable.

Inventory Loan: The value of the Debtor's collateral, combined with the collateral pledged by a related entities Evergreen Recycle, LLC and Magill Trucking LLC, is $286,269. While the value of the inventory collateral for Debtor was scheduled higher on the documentation previously provided to CDS (listed at $340,931), some of the collateral's marketability is extremely limited. This significantly reduces its value. The true value of Debtor's inventory is $230,451. Further, inventory of Evergreen Recycle, LLC, which has been previously valued at $84,305, is made up of largely of compost. That entity has not sold compost for months. The true value of Evergreen Recycle, LLC's inventory is $16,305. The inventory of Magill Trucking LLC is $39,513. Thus, by adding $230,451, $16,305 and $39,513, the total inventory pledged to CDS has a current value of $286,269.

The Debtor shall pay CDS, as a secured creditor, the amount of $286,269. Debtor shall pay CDS equal monthly payments of interest only, commencing on the thirtieth (30th) day following confirmation of the Plan, and continuing for six (6) months. In month seven (7) following confirmation of the Plan, the Debtor will pay CDS amortized payments of principal and interest, amortized over 19.5 years and all due and payable seven (7) years from the date of the first installment of principal and interest as set out herein. The monthly payment of interest only is $1,431.35 and the monthly principal and interest payment will be $2,050.42. The unsecured portion of the CDS Inventory Claim of $144,298 shall be treated in Class Ten as an unsecured claim. Class Two is impaired.

      5.3      The Class Three Claims of Financial Pacific Leasing, Inc. ("FPL") will be paid as follows: The value of FPL's collateral (2007 T-Tek Repair and Sortation System Repair Line with 4 stacking system and trash conveyor—S/N: ST4-007) is $15,000. FPL shall be paid as a secured creditor the sum of $15,000. This sum shall bear interest at 6% per annum, and FPL shall be paid at $219.13/month for 84 months or until fully paid. Payments shall commence on the thirtieth (30th) day following confirmation of the plan and continuing each month on the first day of each month. The balance of FPL's claim of $27,768 (as of 10/11/19) shall be treated as an unsecured claim in Class Ten. Class Three is impaired.

      5.4      The Class Four Claim of Pawnee Leasing Corporation ("Pawnee") will be paid as follows:

5

The value of Pawnee's collateral (T Tek Mot.lei-Ropnir Line Mfg. repair line with trash conveyor) is $15,000. Pawnee shall be paid as a secured creditor the sum of $15,000. This sum shall bear interest at 6% per annum, and shall be paid at $219.13/month for 84 months or until fully paid. Payments shall commence on the thirtieth (30th) day following confirmation of the plan and continuing each month on the first day of each month. The balance of Pawnee's claim (approximately $16,898) shall be treated as an unsecured claim in Class Ten. Class Four is impaired.

5.5 The Class Five Claim of Emprise Bank ("Emprise") of $11,773.39 will be treated as a secured claim. Emprise claims a purchase money security interest in Kaiser compressors and a non-purchase money security interest in inventory, chattel paper, accounts receivable and equipment. The value of the compressors is $20,000. Emprise will continue to be paid $539.51 per month until the loan is paid in full. Class Five is unimpaired.

5.6 The Class Six Claim of Lease Consultants Corporation ("LCC") is an equipment lease for a Hotsy Model 1453P Pressure Washer, which will be assumed. The monthly payments are $365.36 until the lease is completed. Class Six is unimpaired.

5.7 The Class Seven Claim of MCHB-Pallet LLC is a lease of real estate located at 302 W. 53 Street North, Park City, Kansas, which will be assumed. The monthly payments are $13,000 at this time (adjusted during life of lease). Class Seven is unimpaired.

5.8 The Class Eight Claim of Lift Parts Service, LLC ("LPS") is an equipment lease (2018 Linde H25T/600), which will be assumed. The monthly payments are $365.36 until the lease is completed. Class Eight is unimpaired.

5.9 The Class Nine Claims of Priority Unsecured Tax Claims of the Internal Revenue Service shall be paid in full at the prevailing interest rate established by the Internal Revenue Service, in periodic payments with any unpaid balance being due and payable in October, 2024. The monthly payments with interest at 5% per annum are estimated at $5,287 per month. These payments will commence May 1, 2020 at the earliest. Any unpaid amount that is due and payable by October 17, 2024, shall be paid in full on that date. Class Nine is unimpaired.

5.10 Class Ten Claims, which are the Unsecured Non-Priority Claims, shall be paid as follows: The Allowed Unsecured Non-Priority Claims shall receive 10% of their claim, payable in monthly payments with no interest payable over seven (7) years, commencing on the thirtieth (30th) day following confirmation of the plan and continuing each month on the fifteenth (15th) day of each month thereafter for 84 months. Based upon unsecured claims of $3,707,888, the total paid to Class Ten is $370,789. The monthly payment would be approximately $4,414. Class Ten is impaired.

5.11 Class Eleven Claim is any claim of the equity security holder Jeffrey Ralls, who is the sole member of the Debtor. For any loans that he has extended to the Debtor and for any investment he has made in exchange for his ownership in the Debtor, Jeffrey Ralls agrees that his claim is subordinated to all other claims. Class Eleven is impaired.

5.12 Class Twelve Claims are the administrative claims. These are the Allowed Administrative Claims, whether incurred before or after the Confirmation Date, allowable under Section 330 and Section 503(b) of the Bankruptcy Code, and which are entitled to priority payment under Section 507(a)(1) of the Bankruptcy Code. The Claims of this Class include attorneys' fees and accounting fees for post-petition services rendered to the Debtor on and after the Filing Date. These Claims also include Claims of the

United States Trustee to the extent of any quarterly fees due under 28 U.S.C. Section 1930(a)(6) as of the Confirmation Date and post-petition taxes, if any. All quarterly fees owing to the United States Trustee shall be paid by the Debtor within 10 days of the entry of the order of confirmation or on the Effective Date of the Plan as required by Section 1129(a)(12) of the Bankruptcy Code, and the payment of quarterly fees shall be made until the case is closed by order of the Court, as required by Public Law 104-99, Title II, Section 211, 110 Stat. 37 (effective January 27, 1996), as amended by Public Law 106-208, 110 Stat. 3009 (September 30, 1996). Class Twelve is unimpaired.

      B.    <u>Treatment of Claims and Interests</u>. The Debtor's Plan of Reorganization is incorporated into this Disclosure Statement. Creditors and parties in interest are referred to the Plan for a discussion of the treatment of each Class under the Plan.

      C.    <u>Means for Execution and Implementation of the Plan</u>. The Debtor will continue to operate its business. The projections for 2020 through 2024 are attached hereto as **EXHIBIT 2**. As confirmed in the projections attached as EXHIBIT 2, the Debtor confirms that it can operate profitably, after paying its regular and on-going expenses as well as the expenses set forth in the Plan.

      D.    <u>Executory Contracts and Unexpired Leases</u>. All executory contracts and unexpired leases are assumed under the Plan unless otherwise specified in the Plan.

## VI. CONSEQUENCES OF DENIAL OF CONFIRMATION

If the Debtor's Plan is not confirmed, the case may be converted to a case under Chapter 7 or it may be dismissed. If converted, a trustee would be appointed to liquidate the Debtor's assets and distribute the proceeds to creditors. The secured lenders would not be paid in full and all other creditors would receive nothing.

## VII. LIQUIDATION ANALYSIS

The assets, which are pledged to Newtek, by Pallet, Recycle, Magill, and Jeff Ralls are listed below to evidence the "secured" portion of Newtek's claim:

| Pallet | Asset Value |
|---|---|
| Cash | $0 |
| Accounts Receivable | $198,884 |
| Inventory | $0 |
| Equipment-market value | $445,150 |
| **Total Pallet Collateral Value** | **$644,034** |
| | |
| **Recycle** | |
| Cash | $0 |
| Accounts Receivable | $46,302 |
| Inventory | $0 |
| Equipment-market value | $656,500 |
| **Total Recycle Collateral Value** | **$702,802** |

| Magill | |
|---|---:|
| AR | $12,402 |
| Land-market value | $132,510 |
| Building-market value | $225,000 |
| Equipment-market value | $299,660 |
| **Total Magill Collateral Value** | **$669,572** |
| | |
| **Total Pallet, Recycle, Magill Assets for Collateral** | **$2,016,408** |
| | |
| **Ralls Personal Collateral** | |
| Farmhouse on 10 acres | $94,075 |
| Land adjoining Farmhouse | $60,000 |
| Land Erskine 155 acres Range Land | $62,277 |
| Land South Haven, Sumner County, 320 acres, | $181,194 |
| Land Bullhead 59 acres | $14,425 |
| **Total Ralls Personal Collateral** | **$411,971** |
| | |
| **Total Pallet, Recycle, Magill, and Ralls personal Collateral** | **$2,428,379** |

The remaining assets of the Debtor are fully secured to other creditors, leaving no equity for the unsecured class of creditors. All assets owned by Debtor and its related entities are pledged to the creditors set forth in the Plan or third party creditors that are not creditors of the Debtor (such as Jeff Ralls' real estate loans). Their secured claims exceed the total value of these assets. Thus, there is no equity in the Debtor's assets that would be available for distribution to unsecured creditors upon liquidation. The Plan, as proposed, pays more to the unsecured creditors than they would receive at liquidation if the case were dismissed or converted to Chapter 7. Thus, the Plan is fair and reasonable and should be confirmed.

Dated: February 18, 2020

                                        EVERGREEN PALLET, LLC

                                        */s/ Jeffrey Ralls*
                                        Jeffrey Ralls, Member

Submitted by:

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel,   KS 70425
4520 Main Street Suite 700
Kansas City, Missouri 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
ATTORNEYS FOR DEBTOR