IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>EVERGREEN PALLET, LLC, )<br>)<br>Debtor. ) | Case No. 19-21983<br><br>Chapter 11 |

## NEWTEK SMALL BUSINESS FINANCE, LLC'S
## OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION

COMES NOW Newtek Small Business Finance, LLC ("<u>Newtek</u>"), by and through its counsel, and respectfully submits this Objection to Debtor's Plan of Reorganization (the "Plan") (ECF No. 85, <u>Amended</u> ECF No. 93). In support of its Objection, Newtek states as follows:

## **BACKGROUND**

1. The Debtor is indebted to Newtek in an amount in excess of $4.5 million as evidenced by the following promissory note and unconditional guarantee:

    a. Note from Debtor and Evergreen Recycle, L.L.C. to Newtek, dated March 16, 2016, in the original principal amount of $4,157,000.00 (the "Evergreen Note"); and

    b. Debtor's Unconditional Guarantee (the "Evergreen Guarantee") of the Note from Magill Truck Line, LLC and Jeffrey J. Ralls to Newtek, dated March 11, 2016, in the original principal amount of $843,000 (the "Magill Note").

2. In order to secure payment and performance of the Evergreen Note, the Debtor granted Newtek a valid and perfected security interest in, and lien upon, *inter alia*, all of the

Debtor's personal property, accounts, inventory, chattel paper, equipment, machinery, and general intangibles and the proceeds therefrom (the "Collateral").

3. Non-Debtor individuals and entities, including, but not limited to, Evergreen Recycle, L.L.C., Jeffrey J. Ralls, Magill Truck Line, LLC, Ralls Properties, LLC, and Robin Walcher/Robin Ralls have pledged both real property and personal property collateral to Newtek to secure repayment of, *inter alia*, both the Evergreen Note and the Magill Note.

4. On September 17, 2019 (the "Petition Date"), the Debtor filed the above-captioned chapter 11 bankruptcy petition (the "Bankruptcy Case").

5. The secured claim of Newtek is classified in Class 5.1. Newtek is designated to be repaid principal and installments until payment in full seven (7) years and six (6) months after payments were to begin under the Plan. The installments are designed as interest-only payment for the first six (6) months and thereafter payments would be based on principal and interest based on a 19.5 year amortization schedule. Interest is fixed at 6 percent. Newtek objects to its treatment under the Plan and asserts that the Plan cannot be confirmed on the following grounds:

    a. The post-confirmation interest rate provided under the Plan is below market and fails to afford Newtek the present value of its claim. As such, the Plan violates § 1129(b)(2)(A);

    b. Both the provision for interest-only payments for the first six months and amortization of the principal and interest payments over 19.5 years fail to afford Newtek with the present value of its claim. As such, the Plan violates § 1129(b)(2)(A); and

  c. A balloon payment after 7.5 years secured with personal property collateral, primarily equipment, fails to provide Newtek with the present value of its claim and violates § 1129(b)(2)(A).

6. Section 5.11 provides that Jeff Ralls, the sole member of Debtor, retains his interest in Debtor. The Plan states that unsecured creditors shall be paid 10 percent of their claims and, therefore, violates the absolute priority rule of § 1129(b)(2)(B).

7. The grant of any liens against Newtek's Collateral with the right to be paid prior to Newtek (a) violates the priority scheme of the Bankruptcy Code, (b) violates the "best interests" test of § 1129(a)(7) as applied to Newtek, and (c) violates the lien rights of Newtek under § 1129(b)(2)(A). Newtek objects to the Plan to the extent that the secured claims classified in classes 5.3, 5.4, and 5.5 violate these provisions.

8. The Plan fails to provide an adequate and reliable basis for funding payments to creditors. The Plan is not feasible and, therefore, violates § 1129(a)(11).

WHEREFORE, for the reasons set forth herein, Newtek respectfully requests this Court deny confirmation of the Debtor's Plan, and that the Court enter such other and further relief as the Court deems just and proper.

Dated this 18th day of March, 2020.

            MCDOWELL RICE SMITH & BUCHANAN,
            A Professional Corporation

            By /s/ Robert D. Maher
              Robert D. Maher, KS   #19143

605 West 47th Street, Suite 350
Kansas City, MO 64112
Office: (816) 753-5400
Fax No: (816) 753-9996
rmaher@mcdowellrice.com

ATTORNEYS FOR NEWTEK SMALL
BUSINESS FINANCE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Objection was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 18th day of March, 2020 to:

Erlene Krigel, Esq.
ekrigel@krigelandkrigel.com
Krigel & Krigel, P.S.
4520 Main Street, Suite 700
Kansas City, MO 64111
ATTORNEYS FOR DEBTOR

/s/ Robert D. Maher
Robert D. Maher