IN THE UNITED STATES
BANKRUPTCY COURT FOR THE
DISTRICT OF KANSAS
KANSAS CITY DIVISION

In re:

EVERGREEN PALLET, LLC,                                        Case No. 19-21983

           Debtor.

## CDS BUSINESS SERVICES, INC'S. OBJECTION TO THE DEBTOR'S PLAN OF REORGANIZATION

COMES NOW CDS Business Services, Inc. ("**CDS**") and respectfully submits this Obejction to the Debtor's Plan of Reorganiztion (the "Plan") (doc. no. 85 as amended at doc. # 93). In support of this Objection, CDS represents as follows

## BACKGROUND

1. The debtor's Plan classes CDS's claims as Class 2 claims which are addressed in section 5.2 of the Plan.

2. The Plan bifurcates CDS's claim into two and provides that CDS's accounts receivable loan, which has been continued as DIP financing in this case, will be paid in full on its original terms. CDS has no objection to the treatment of this part of its claim.

3. CDS's bankruptcy schedule D, filed on September 17, 2019 provides that CDS has another undisputed claim in the amount of $441,899.32, secured by inventory with a value of $1,276,600 ("**Inventory Claim**") in which no other creditors have an interest.

4. This court's interim order granting the debtor's motion (see doc. # 36) to use cash collateral grants CDS a replacement lien in the debtor's inventory and also grants it

1

a superpriority administrative expense for any Diminution in Value of CDS's collateral

5. The most recent operating report filed by the debtor on April 30, 2020 (doc. # 109) (filed some three months after the debtor's Plan) reports that the value of the debtor's inventory on April 30 was $382,694 and that at the commencement of the debtor's case, its value was $390,325.

6. The debtor's Plan asserts that the value of the debtor's inventory is only $286,269 and that CDS's claim shall be bifurcated, with $286,269 of it being treated as a secured claim, paid interest only for six months, followed by seven years of monthly payments with a 19.5 year amortization.

7. The Plan then provides that the remainder of CDS's $441,899.32 claim will be allowed as a Class Ten unsecured claim of $144,298.

8. CDS filed an election to have its entire claim treated as secured pursuant to section 1111(b) of the Bankruptcy Code.

**OBJECTION**

9. CDS objects to its treatment under the Plan and to the confirmation of the Plan on the following bases:

10. The Plan is silent as to the rate of interest paid on the Inventory Claim. This is vague and provides for a rate of interest below market rate and insufficient to provide CDS the present value of its claim. Accordingly, the Plan violations 11 USC sec. 1129(b)(2)(A);

2

11. The Plan's provision of interest-only payments for the first six months, 19.5 year amortization and balloon after 7.5 years fails to provide CDS the present value of its claim pursuant to section 1129(b)(2)(A).

12. The Plan's bifurcation of the Inventory Claim into secured and unsecured portions fails to pay the value of the Inventory Claim, all of which is secured pursuant to section 1111 of the Bankruptcy Code in violation of section 1129(b)(2)(A).

13. The Plan's proposed allowance of $286,269 as a secured portion and its payment scheme of the Inventory Claim violates section 1129(b)(2)(A) because it fails to pay CDS the value of its collateral securing the Inventory Claim, which at April 30, 2020, according to the debtor, stood at $382,694.

14. The debtor admits that collateral securing the Inventory Claim has suffered a material diminution in value, yet in violation of this Court's order granting the debtor permission to use cash collateral (doc. # 36), the amount of that diminution is not treated as a superpriority administrative expense, but as an unsecured claim. By proposing no payment at all on account of the CDS's superpriority administrative expense claim, the Plan violates 11 USC 1129(a)(9)(A) and the order of this Court.

15. The debtor's Plan provides for Jeff Ralls, the debtor's sole member to retain his interest and for the payment of unsecured claims without providing for the payment in full of CDS fully secured Inventory Claim or alternatively, its superpriority administrative expense claim it holds on account of the debtor's asserted diminution in the value of CDS's collateral. Accordingly, the Plan violates the absolute priority rule contained in section 1129(b)(2)(B).

WHEREFORE CDS Business Services, Inc. respectfully requests that this Court enter an Order denying confirmation of the debtor's Plan and granting such other and further relief as the Court deems just and equitable.

                        **MERRICK, BAKER & STRAUSS, P.C.**

                        **By:** /s/ victor f. weber
                        **VICTOR F. WEBER       78308**
                        **1044 Main Street - Suite 500**
                        **Kansas City, MO 64105**
                        **Telephone:    (816) 221-8855**
                        **Facsimile:    (816) 221-7886**
                        **Email:**        victor@merrickbakerstrauss.com
                        **COUNSEL FOR CDS BUSINESS SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 14, 2020, a true and complete copy of the foregoing was sent via electronic mail to those parties registered to receive electronic notice in this proceeding.

/s/Victor Weber