**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 27th day of July, 2020.**




Robert D. Berger
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| EVERGREEN PALLET, LLC | ) | Case No.   19-21983 |
| | ) | Chapter 11 |
| Debtor. | ) | |

### ORDER CONFIRMING PLAN OF REORGANIZATION, AS AMENDED

    On July 23, 2020, the Court takes up the matter of confirmation of the Debtor's Amended Plan of Reorganization (including all amendments).  Erlene W. Krigel appears for the Debtor.  Christopher Borniger appears for the United States Trustee ("UST").  Robert Maher appears for Newtek Small Business Finance, Inc. ("Newtek").  Victor Weber appears for CDS Business Services, Inc. ("CDS").    Karl R. Swartz appears on behalf of Emprise Bank. Milo M. Unruh, Jr.

on behalf of Vicki Schmidt, Kansas Insurance Commissioner.

After hearing statements of counsel and the proffered testimony of Greg Erbert on behalf of the Debtor, and after reviewing the Court's file, the Court makes the following findings of fact and conclusions of law:

1. On February 18, 2020, Debtor filed its Plan of Reorganization (Doc. #85). On March 20, 2020, the Debtor filed Amendments to the Plan which amended the treatment for Lift Parts, LLC. The Plan and all Amendments to Plan are hereafter referred to as the Plan. On March 31, 2020, the Court issued its Order Approving the Disclosure Statement, and Setting Hearing on the Confirmation of the Plan (Doc. #104). Such Order directed the Debtor to provide to creditors appropriate notice and opportunity for a hearing on the Plan of Reorganization (along with the subsequent Amendments), scheduled for June 25, 2020 at 1:30 p.m. The Objection deadline and Ballot deadline was set for June 15, 2020. The Debtor's counsel mailed copies of the Plan of Reorganization and Disclosure Statement to all creditors and parties in interest on February 20, 2020. Thereafter, the Debtor's counsel mailed copies of the Order Approving the Disclosure Statement and Setting Deadlines and the Confirmation Hearing, and a Ballot to all creditors and parties in interest on April 6, 2020.

2. The United States Trustee filed objections to the Plan of Reorganization on June 15, 2020 (Doc. #112). Newtek filed objections to the Plan of Reorganization on March 18, 2020 (Doc. #97). CDS filed objections to the Plan of Reorganization on June 14, 2020 (Doc. #110).

3. The Effective Date of the Plan, as set forth in paragraph 2.14 of the Plan, as amended, is thirty (30) days following the date that this Confirmation Order is final and non-appealable.

4. The Plan of Reorganization combined with the Amendments to the Plan filed on March 20, 2020 and amendments to the Plan which were agreed to by the Debtor, the UST, Newtek and CDS and announced at the confirmation hearing, are incorporated into this Confirmation Order, comply with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of §1129(a)(1) of the Bankruptcy Code.

7. The Plan (i) impairs or leaves unimpaired various classes of claims, secured or unsecured, and of interests; (ii) subject to §365 of the Bankruptcy Code, provides for the assumption of any executory contract or unexpired lease of Debtor not specifically assumed in writing by Debtor; (iii) provides for the retention and enforcement by Debtor of any claims or interests yet to be collected; and (iv) includes other applicable provisions not inconsistent with the applicable provisions of the Bankruptcy Code, all in accordance with §1123(b) of the Bankruptcy Code.

8. The Debtor has satisfied the requirements of §1129(a)(2) of the Bankruptcy Code, by not soliciting acceptance or rejection of the Plan until after transmitting to each holder of a claim the Disclosure Statement, subject to approval by this Court after notice and hearing as containing adequate information, all in accordance with §1125.

9. The Plan has been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of §1129(a)(3) of the Bankruptcy Code.

10. Any payment made or to be made by Debtor for services or for costs and expenses in or in connection with the case, has been or will be approved by, or is subject to the approval of, this Court as reasonable, thus satisfying the requirements of §1129(a)(4) of the Bankruptcy Code.

11. The Debtor has disclosed that Jeffrey Ralls will continue as the sole member of the Debtor and will be employed full time to run the Debtor's business operations. The Disclosure Statement provided income information for Jeffrey Ralls. These disclosures satisfy the requirements of §1129(a)(5).

12. The Debtor does not need to satisfy the requirements of §1129(a)(6) of the Bankruptcy Code, as no government regulatory commission appears to have jurisdiction.

13. In compliance with §1129(a)(7) of the Bankruptcy Code, with respect to each impaired class or claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would so receive or retain if Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

14. With respect to each class of claims or interests, such class has accepted (or should be deemed to have accepted) the Plan, or such class is not impaired under the Plan, or the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. In this regard, the Debtor summarizes each class and the voting results of each class as follows:

14.a Class One includes the claim of Newtek, which has a blanket lien on substantially all assets of the Debtor, including cash, bank accounts, accounts receivable, furniture, fixtures, equipment and inventory. Newtek agreed to subordinate its lien on factored accounts receivable and inventory to CDS. Further, Newtek maintains a lien on the personal and real property of Evergreen Recycle LLC, Ralls Properties LLC and Jeff Ralls personally. The Debtor shall treat Newtek's secured claim to the extent of $2,428,379 as set forth in the Stipulation filed with the Court on July 23, 2020 as Doc. #118. The balance of Newtek's claim is unsecured and shall be treated in Class 10. Class 1 is impaired. A ballot was returned voting against the Plan; however, the Debtor and Newtek have reached an agreement on the treatment of Newtek's secured claim and Newtek now votes in favor of the Plan, as amended.

14.b Class Two includes the claims of CDS for its two secured claims. Based upon further negotiation with CDS, the parties agree to the following treatment:

The Class Two Claims of CDS Business Services, Inc. ("CDS") shall be paid as follows:

The Class Two Claims of CDS are and will be secured by a blanket lien on all assets, including, but not limited to: cash, bank accounts, accounts receivable, furniture, fixtures, equipment, and inventory of the Debtor. Accounts Receivable Loan: The Debtor will pay CDS the full balance owed on the accounts receivable loan and continue with the accounts receivable factoring program as per the previous contract entered into between the parties. CDS has the first and senior lien against the accounts receivable.

Inventory Loan:
The Debtor shall pay CDS, as a secured creditor, the amount of $431,567. Debtor shall pay CDS equal monthly payments of interest only, commencing on the thirtieth (30th) day following confirmation of the Plan, and continuing for six (6) months. In month seven (7) following confirmation of the Plan, the Debtor will pay CDS amortized payments of principal and interest, amortized over 15 years and all due and payable seven (6) years from the date of the first installment of principal and interest as set out herein. The monthly payment of interest only is $1,798.20 and the monthly principal and interest payment will be $3,641.81. Class Two is impaired. Except as expressly modified herein, the terms and provisions of the loan documents and agreements between the debtor and CDS shall remain binding on the Debtor and CDS.

CDS voted against the Plan; however, with this agreement, CDS now votes in favor of the Plan, as amended.

  14.c Class Three includes the claim of Financial Pacific Leasing, Inc. ("FPL") for its secured claim on a 2007 T-Tek Repair and Sortation system repair line with 4 stacking system and trash conveyor (S/N: ST4-007). The value of the collateral is less than the outstanding debt. The unsecured portion of FPL's claim shall be treated as an unsecured claim in Class 10. Class 3 is impaired. FPL returned a ballot and voted in favor of the Plan.

  14.d Class Four includes the claim of Pawnee Leasing Corporation ("Pawnee") for its secured claim on a T-Tek Mot.lei-Ropnir Line Mfg. repair line and trash conveyor. The value of the collateral is less than the outstanding debt. The unsecured portion of Pawnee's claim shall be treated as an unsecured claim in Class 10. Class 4 is impaired. A ballot was not returned by Pawnee.

  14.e Class Five includes the claim of Emprise Bank ("Emprise"). Emprise has a secured claim on Kaiser compressors and other assets. The balances owed to Emprise will be treated as a secured claim. Class 5 is not impaired. Emprise returned a ballot voting for the Plan.

  14.f Class Six includes the claim of Lease Consultants Corporation ("LCC"). LCC has a lease of a Hotsy Model 1453P Pressure Washer. The lease will be assumed. Class 6 is not impaired. A ballot was returned voting for the Plan.

  14.g Class Seven includes the claim of MCHB-Pallet, LLC ("MCHB") has a lease for the premises that Debtor leases at 302 W. 53 Street North, Park City, Kansas. The lease will be assumed. Class 7 is not impaired. A ballot was returned

voting for the Plan.

       14.h    Class Eight includes the claims of Lift Parts Service, LLC ("Lift"). Lift is leasing five (5) forklifts to Debtor (Serial#: H2X393J02712, Serial#: H2X393J02511, Serial#: H2X393J02704, Serial#: P232L-1560-9839 and Serial#: H2X393J02708). The leases will be assumed. Class 8 is not impaired. A ballot was not returned.

       14.i    Class Nine includes the claims of the Internal Revenue Service for its unsecured priority claims. These claims will be paid in full with the prevailing rate set by the Internal Revenue Service. The balances will be paid on or before September 17, 2024. Class Nine is not impaired. No ballot was returned in this class.

       14.j    Class Ten includes the unsecured non-priority claims. These creditors shall receive 10% of their approved claims as set out in the Plan. Five (5) creditors returned ballots: Newtek, Kansas Insurance Commissioner, Brent Buller, Kevin Miller and FPL. Newtek's ballot rejected the Plan; however, Newtek and the Debtor have reached an agreement and Newtek now votes for the Plan. With that change, all five (5) returning ballots voted in favor of the Plan.

       14.k    Class Eleven includes the unsecured nonpriority claim of Jeff Ralls. As the owner of the Debtor, Mr. Ralls has agreed that his claim is subordinated and will not be paid until all creditors in the Plan are paid in full per the terms of the Plan. Class Eleven is impaired. No ballot was returned in this class.

       14.l.    Class Twelve includes all Allowed Administrative Claims, whether incurred before or after the Confirmation Date, allowable under Section 330 and Section 503(b) of the Bankruptcy Code, and which are entitled to priority payment under Section 507(a)(1) of the Bankruptcy Code. The Claims of this Class include attorneys' fees and accounting fees for post-petition services rendered to the Debtor on and after the Filing Date. These claims are not impaired. No ballots were returned in this class.

       Thus, the Debtor has satisfied the requirements of §1129(a)(8) and §1129(b) of the Bankruptcy Code.

       15.    The deadline for regular creditors to file Proof of Claims was December 16, 2019 and the deadline for governmental entities was March 17, 2020. Debtor shall have thirty (30) days after the entry of this Order within which to make any objections to claims it deems appropriate. Any claim not objected to within such period shall be deemed allowed.

       16.    The requirements of §1129(a)(9) have been satisfied as there are no claims under §507(a)(1), (2), (3), (4), (5), (6) or (7). The claims owed to the taxing authorities will be paid in compliance with §1129(a)(9)(C).

       17.    At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider. Thus, the Debtor has

satisfied the requirements of §1129(a)(10) of the Bankruptcy Code.

18.     The Plan contemplates the continuation of the Debtor's business.

19.     The Debtor's Disclosure Statement, the Debtor's projections and the proffered testimony of Jeffrey Ralls confirm that the Debtor will be able to pay its current obligations in the future.  Further, Debtor will receive an administrative fee of 5% of Evergreen Feedstock LLC's sales (fees estimated $84,800/year), Jeffrey Ralls is taking a draw of $125,000/year from Evergreen Feedstock, LLC that he will contribute to Debtor which will be classified as a capital contribution. Further, the wood waste of Debtor will be sold to Evergreen Feedstock, LLC for $5,000/month. This totals $269,800/year. This translates to additional income that did not exist as of the filing of the Petition and will make up any shortfall that may exist in Debtor's budget. Therefore, there is presently not a likelihood of a need for further reorganization.

20.     The creditors will realize more through the Plan than if the case were converted to Chapter 7 and the Debtor's assets liquidated.  Thus, the Debtor has satisfied the requirements of §1129(a)(11) of the Bankruptcy Code.

21.     Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930.  Thus, the Debtor have satisfied the requirements of §1129(a)(12) of the Bankruptcy Code.

22.     At the hearing, the Debtor agreed that they shall pay all outstanding amounts due the United States Trustee upon confirmation, and, on and after the Confirmation Date, Debtor shall be liable for, and shall pay the fees due the United States Trustee pursuant to 28 U.S.C. Section 1930(a)(6) until the entry of the final decree in this case or until the case is converted or dismissed.  After confirmation, Debtor shall file with the Court, and serve on the United States Trustee, a quarterly financial report for each quarter (or portion thereof) the case remains open.

ACCORDINGLY,

The Court makes the following Orders, consistent with the foregoing statements of fact and conclusions of law:

1.     This Court has jurisdiction over Debtor and this case pursuant to 28 U.S.C. §157 and §1334.  The Confirmation Hearing of June 12, 2019 and this Order are "core" proceedings under 28 U.S.C. §157.

2.     Debtor is qualified to be a Debtor under §109 of the Bankruptcy Code.  Venue of this case is proper before this Court pursuant to 28 U.S.C. §1408.

3.     The Debtor's Plan of Reorganization, as amended, shall be confirmed in all respects as provided in §1129 of the Bankruptcy Code.

4. The modifications contained in this Order do not adversely change the treatment of the claim of any creditor who has not accepted in writing the modifications. Accordingly, the Plan, as amended, and as modified by this Order, shall be deemed accepted by all creditors who previously accepted the Plan, pursuant to F. R. Bankr. P. 3019.

5. Objections to the Plan were filed by the UST, Newtek and CDS. Counsel for these parties announced that these objections may be withdrawn. To the extent not withdrawn, their Objections are overruled.

6. Pursuant to §1141 of the Bankruptcy Code, the provisions of the Plan, as amended and modified by this Order, shall bind Debtor and any creditor and equity security holder, and their respective heirs, successors and assigns, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan, and whether or not such creditor or equity security holder has accepted the Plan.

7. Pursuant to the Plan and §1141 of the Bankruptcy Code, all of the property of the estate shall be and it hereby is vested in Debtor, and all of the property shall be and it hereby is declared to be free and clear of all claims and interests of creditors and equity security holders, except for those secured creditors set forth in paragraph 14 above. All secured creditors as set forth in paragraph 14 above shall retain their liens, as they now appear, until their claims, as set forth in the Plan and as amended, are paid in full.

8. Any unexpired leases or executory contracts not specifically mentioned in this Order shall be deemed assumed as of the Confirmation Date.

9. Pursuant to §1142 of the Bankruptcy Code, this Court hereby reserves the right to direct Debtor and any other necessary party to execute or deliver, or to join in the execution or delivery of, any instrument required to effect a transfer of property dealt with by the Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the Plan.

10. This Court reserves the right to modify the Plan before substantial consummation of such Plan in accordance with §1127 of the Bankruptcy Code.

11. If, after confirmation, the case converts to Chapter 7 of the Bankruptcy Code, then all property of the Debtor, the Debtor-in-Possession, or the Reorganized Debtor—including all property that will re-vest in the Reorganized Debtor under the confirmed Plan or by operation of law under 11 U.S.C. § 1141(b)—and all property acquired by the Reorganized Debtor after confirmation of the Plan will become property of the Chapter 7 estate.

12. All fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the confirmation hearing must be paid on or before the Effective Date. The reorganized debtor is responsible for timely payment of all fees incurred under 28 U.S.C. § 1930(a)(6). After confirmation, the reorganized debtor will file with the Court and serve on the United States Trustee a quarterly disbursement report for each quarter, or portion thereof, until a Final Decree

has been entered, in a format prescribed by and provided to the Debtor by the United States Trustee.

      13.     Subject to Article VII of the Plan, the Court shall retain complete jurisdiction of this case, and any proceedings arising in, under, or related to this case, after the Confirmation Date until the Consummation Date, including, but not limited to:

      a.     Determination of any and all objections to the validity, priority, amount, nature, or proper classification of Claims, including estimation of Claims;
      b.     Determination of any and all applications for compensation of fees and expenses under §330 of the Bankruptcy Code;
      c.     Determination of any and all applications for the assumption or rejection of executory contracts and unexpired leases;
      d.     Implementation of the Plan, including but not limited to entry of orders under §105 and §1142 of the Bankruptcy Code;
      e.     Correction of any defect, omission, or inconsistency between or among the Plan or this Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan;
      f.     Entering of such Orders as may be necessary to consummate, implement and effectuate the operative provisions of the Plan and all documents and agreements provided for in the Plan;
      g.     Determination of any matters involving local, state, federal or other taxes, including determinations under §346, §505, §525, and §1146 of the Bankruptcy Code;

      h.     Entry of a Final Order closing this case; and
      i.     Determination of such other matters that may be provided for herein.

# # #

Submitted by:

KRIGEL & KRIGEL, P.C.

*/s/ Erlene W. Krigel*
Erlene W. Krigel, KS FED No. 70425
4520 Main Suite 700
Kansas City, Missouri 64111
TEL: (816) 756-5800
FAX: (816) 756-1999
ATTORNEYS FOR DEBTOR

Approved by:
/s/ *Christopher T. Borniger*
Christopher T. Borniger
Trial Attorney
U.S. Department of Justice / Office of the U.S. Trustee
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6216 (phone)

/s/ *Robert D. Maher*
Robert D. Maher
McDowell Rice Smith & Buchanan P.C.
605 W 47th Street, Suite 350
Kansas City, MO 64112
Telephone: 816-753-5400
Direct: 816-960-7393
ATTORNEYS FOR NEWTEK SMALL BUSINESS FINANCE, INC.

/s/ *Victor F. Weber*
Victor F. Weber
Merrick, Baker & Strauss, P.C.
1044 Main Street, Suite 500
Kansas City, MO 64105
(816)221-8855
ATTORNEYS FOR CBS BUSINESS SERVICES, INC.

/s/ *Milo M. Unruh, Jr.*
Milo M. Unruh, Jr.
ARN, MULLINS, UNRUH, KUHN & WILSON, LLP
330 R. H. Garvey Building
300 W. Douglas
Wichita, Kansas 67202
Telephone: (316) 267-5267
ATTORNEYS FOR VICKI SCHMIDT, COMMISSIONER OF INSURANCE-STATE OF KANSAS

/s/ *Karl R. Swartz*
Karl R. Swartz
Morris, Laing, Evans, Brock & Kennedy, Chartered
300 N. Mead, Suite 200
Wichita, KS 67202-2745
Telephone (316) 262-2671
ATTORNEYS FOR EMPRISE BANK